# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DERRON JONES, individually
and on behalf of all others
similarly situated,

        Plaintiff,

v.

DETROIT TIGERS, INC., a
Michigan corporation,

        Defendant.

Case No.   2:25-cv-10136

Hon. Brandy R. McMillion

Magistrate Judge Anthony P. Patti

**DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COLLECTIVE
ACTION COMPLAINT**

---

Kevin J. Stoops (P64371)
Albert J. Asciutto (P82822)
SOMMERS SCHWARTZ, PC
One Towne Square, Suite 900
Southfield, MI 48076
TEL:  248-355-0300
kstoops@sommerspc.com
aasciutto@sommerspc.com

Jonathan Melmed (CA SBN 290218)
Laura Supanich (P85849)
   (CA SBN 314805)
MELMED LAW GROUP P.C
1801 Century Park East, Suite 850
Los Angeles, CA 90067
TEL: 310-824-3828
FAX: 310-862-6851
jm@melmedlaw.com
lms@melmedlaw.com

*Attorneys for Plaintiff, the FLSA
Collective, and the Putative Class*

Margaret Carroll Alli (P38281)
Daniel L. Villaire (P60132)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
TEL: (248) 593-6400
FAX: (248) 283-2925
meg.alli@ogletree.com
daniel.villaire@ogletree.com

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**

Defendant, DETROIT TIGERS, INC. ("DTI" or "Defendant") by and through its undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, PLLC, answers Plaintiff's Collective Action Complaint, as follows:

**JURISDICTION AND VENUE**

1.      In response to Paragraph 1, Defendant admits only that this Court has jurisdiction of Plaintiff's claims. Defendant denies as untrue that it is liable to Plaintiff on any of the claims asserted, either individually or collectively. Defendant further denies as untrue that certification of a collective action under the FLSA is appropriate or lawful or that Plaintiff is similarly situated within the meaning of the FLSA.

2.      In response to Paragraph 2, Defendant admits only that this Court has jurisdiction of Plaintiff's claims. Defendant denies as untrue that it is liable to Plaintiff on any of the claims asserted, either individually or collectively.  Defendant further denies as untrue that certification of a collective action under the FLSA is appropriate or lawful or that Plaintiff is similarly situated within the meaning of the FLSA.

3.      In response to Paragraph 3, Defendant admits only that this Court has jurisdiction of Plaintiff's claims. Defendant denies as untrue that it is liable to Plaintiff on any of the claims or theories asserted, either individually or collectively.

Defendant further denies as untrue that certification of a collective action under the FLSA is appropriate or lawful or that Plaintiff is similarly situated within the meaning of the FLSA.

4.      In response to Paragraph 4, Defendant admits only that this Court has jurisdiction of Plaintiff's claims and venue is proper. Defendant denies as untrue that it is liable to Plaintiff on any of the claims or theories asserted, either individually or collectively. Defendant further denies as untrue that certification of a collective action under the FLSA is appropriate or lawful or that Plaintiff is similarly situated within the meaning of the FLSA.

**PARTIES**

5.      In response to Paragraph 5, Defendant admits only that Plaintiff was employed by Defendant from March 12, 2017 unit August 6, 2024. Defendant denies as untrue any allegations in Plaintiff's consent to join. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5.

6.      In response to Paragraph 6, Defendant denies as untrue any allegations on behalf of any putative collective members.  Defendant further denies as untrue that certification of a collective action under the FLSA is appropriate or lawful or that Plaintiff is similarly situated within the meaning of the FLSA.

7.      Defendants admits only the Defendant is a Michigan corporation.

8.    In response to Paragraph 7, Defendant admits only that it was properly served with this matter.  Defendant denies as untrue any remaining allegations.

## STATEMENT OF FACTS

9.    In response to Paragraph 9, Defendant admits only that Plaintiff was employed by Defendants from March 2017 until August 2024.  Defendant denies the remaining allegations as untrue. Defendant further denies as untrue that certification of a collective action under the FLSA is appropriate or lawful or that Plaintiff is similarly situated within the meaning of the FLSA.

10.    In response to Paragraph 10, Defendant denies the allegations as untrue.

11.    In response to Paragraph 11, Defendant admits only that certain Security Representatives employed by Defendant were entitled to a premium rate for certain evening schedules pursuant to the applicable collective bargaining agreement. Defendant denies as untrue the remaining allegations in Paragraph 11.

12.    In response to Paragraph 12, Defendant denies as untrue the allegations as stated therein.

13.    In response to Paragraph 13, Defendant states that the statutory requirements of the FLSA speak for themselves. By further response, Defendant denies as untrue any allegation or inference that it violated the FLSA relative to Plaintiff's employment.

**The Regular Rate of Pay**

14.     In response to Paragraph 14, Defendant states that the statutory requirements of the FLSA speak for themselves. By further response, Defendant denies as untrue any allegation or inference that it violated the FLSA relative to Plaintiff's employment.

15.     In response to Paragraph 15, Defendant states that the statutory requirements of the FLSA speak for themselves. By further response, Defendant denies as untrue any allegation or inference that it violated the FLSA relative to Plaintiff's employment.

16.     In response to Paragraph 16, Defendant denies as untrue the allegations as stated therein.

17.     In response to Paragraph 17, Defendant states that the statutory requirements of the FLSA speak for themselves. By further response, Defendant denies as untrue any allegation or inference that it violated the FLSA relative to Plaintiff's employment.

18.     In response to Paragraph 18, Defendant states that the statutory requirements of the FLSA speak for themselves. By further response, Defendant denies as untrue any allegation or inference that it violated the FLSA relative to Plaintiff's employment.

19.     In response to Paragraph 19, Defendant states that the statutory requirements of the FLSA speak for themselves. By further response, Defendant denies as untrue any allegation or inference that it violated the FLSA relative to Plaintiff's employment.

20.     In response to Paragraph 20, Defendant denies as untrue the allegations as stated therein.

21.     In response to Paragraph 21, Defendant states that the statutory requirements of the FLSA speak for themselves. By further response, Defendant denies as untrue any allegation or inference that it violated the FLSA relative to Plaintiff's employment or that Plaintiff is similarly situated within the meaning of the FLSA.

22.     In response to Paragraph 22, Defendant denies as untrue the allegations as stated therein.

23.     In response to Paragraph 23, Defendant denies as untrue the allegations as stated therein.

24.     In response to Paragraph 24, Defendant denies as untrue the allegations as stated therein.

25.     In response to Paragraph 25, Defendant denies as untrue the allegations as stated therein.

26.     In response to Paragraph 26, Defendant states that the statutory requirements of the FLSA speak for themselves. By further response, Defendant denies as untrue any allegation or inference that it violated the FLSA relative to Plaintiff's employment or that Plaintiff is similarly situated within the meaning of the FLSA.

27.     In response to Paragraph 27, Defendant states that the statutory requirements of the FLSA speak for themselves. By further response, Defendant denies as untrue any allegation or inference that it violated the FLSA relative to Plaintiff's employment or that Plaintiff is similarly situated within the meaning of the FLSA.

28.     In response to Paragraph 28, Defendant denies as untrue the allegations as stated therein.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29.     In response to Paragraph 29, Defendant denies as untrue the allegations as stated therein.

30.     In response to Paragraph 30, Defendant denies as untrue the allegations as stated therein.

31.     In response to Paragraph 31, Defendant denies as untrue the allegations as stated therein.

32.     In response to Paragraph 32, Defendant denies as untrue the allegations as stated therein.

33.     In response to Paragraph 33, Defendant denies as untrue the allegations as stated therein.

34.     In response to Paragraph 34, Defendant denies as untrue the allegations as stated therein.

35.     In response to Paragraph 35, Defendant denies as untrue the allegations as stated therein.

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, et seq. – FAILURE TO PAY OVERTIME

36.     In response to Paragraph 36, Defendant incorporates each answer stated above as if fully set forth and repeated herein.

37.     In response to Paragraph 37, Defendant admits only that it is a covered employer under the FLSA. Defendant denies as untrue any allegation or inference that it violated the FLSA relative to Plaintiff's employment.

38.     In response to Paragraph 38, Defendant admits only that it employed Plaintiff within the meaning of the FLSA. Defendant denies as untrue any allegation or inference that it violated the FLSA relative to Plaintiff's employment.

39.     In response to Paragraph 39, Defendant states that the statutory requirements of the FLSA speak for themselves. By further response, Defendant denies as untrue the allegations as stated therein.

40.     In response to Paragraph 40, Defendant denies as untrue the allegations as stated therein.

41.     In response to Paragraph 41, Defendant denies as untrue the allegations as stated therein.

42.     In response to Paragraph 42, Defendant denies as untrue the allegations as stated therein.

43.     In response to Paragraph 43, Defendant denies as untrue the allegations as stated therein.

44.     In response to Paragraph 44, Defendant denies as untrue the allegations as stated therein.

## **RELIEF REQUESTED**

WHEREFORE Defendant respectfully requests that this Court enter an order dismissing Plaintiff's claims in their entirety, with prejudice, and award Defendant its costs and attorneys' fees incurred by the necessity of this defense.

Respectfully submitted,

 *s/ Margaret Carroll Alli*
Margaret Carroll Alli (P38281)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
T: (248) 593-6400
F: (248) 283-2925
Meg.alli@ogletree.com

Dated: May 15, 2025

9

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DERRON JONES, individually
and on behalf of all others
similarly situated,

              Plaintiff,

v.

DETROIT TIGERS, INC., a
Michigan corporation,

              Defendant.

Case No.  2:25-cv-10136

Hon. Brandy R. McMillion

Magistrate Judge Anthony P. Patti

**DEFENDANT'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**

---

Kevin J. Stoops (P64371)
Albert J. Asciutto (P82822)
SOMMERS SCHWARTZ, PC
One Towne Square, Suite 900
Southfield, MI 48076
TEL:  248-355-0300
kstoops@sommerspc.com
aasciutto@sommerspc.com

Jonathan Melmed (CA SBN 290218)
Laura Supanich (P85849)
    (CA SBN 314805)
MELMED LAW GROUP P.C
1801 Century Park East, Suite 850
Los Angeles, CA 90067
TEL: 310-824-3828
FAX: 310-862-6851
jm@melmedlaw.com
lms@melmedlaw.com

*Attorneys for Plaintiff, the FLSA
Collective, and the Putative Class*

Margaret Carroll Alli (P38281)

Daniel L. Villaire (P60132)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
TEL: (248) 593-6400
FAX: (248) 593-2603
daniel.villaire@ogletree.com

## DEFENDANT'S AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Defendant, by and through its undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, PLLC, asserts the following Affirmative Defenses to Plaintiff's Collective Action Complaint:

1.      Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and/or law.

2.      At all times, Defendant's actions were lawful, justified, and made in good faith.

3.      Upon information and belief, Plaintiff has failed to mitigate damages.

4.      Defendant reserves the right to amend these affirmative defenses or to assert additional affirmative defenses in the course of this litigation.

5.      Plaintiff's claims fail to state a claim upon which relief can be granted, as some or all putative Plaintiffs are exempt administrative employees under 29 U.S.C. §213(a)(1) and 29 C.F.R. Part 541.

6.      The claims of some or all of Plaintiffs are precluded by determinations by the U.S. Department of Labor.

7.      Plaintiff has failed to state any facts entitling Plaintiff or any putative Plaintiff to proceed collectively or as a class action under section 16(b) of the FLSA, 29 U.S.C. §216(b) or Michigan law, or to join his claims under the Federal Rules of Civil Procedure, or otherwise.  Further, and without limiting the foregoing, neither

federal law nor Michigan law permits a class action resolution of the claims presented.

8.      Plaintiff's claims should be dismissed, in whole or in part, because they are improperly joined as parties.

9.      Plaintiff has failed to state any facts entitling him to any liquidated damages, penalties, pre-judgment or post-judgement interest.

10.     Plaintiff has failed to mitigate his alleged damages.

11.     Plaintiff's claims and those of any putative collective or class members (the existence of which Defendant denies) are barred by the terms of the applicable collective bargaining agreement and the statute of limitations under the National Labor Relations Act.

12.     Allowing this action to proceed as a collective action would violate Defendant's rights under the Seventh Amendment to the U.S. Constitution and under the Due Process Clause of the Fifth Amendment to the U.S. Constitution because liability may not be determined by a single jury on a class-wide basis.

13.     Some or all of the disputed time is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947.

14.     To the extent that Defendant failed to comply with any aspect of the FLSA, such conduct was not willful or intentional, but rather occurred in good faith and was based on reasonable grounds for believing that such conduct did not violate

the FLSA, and thus Plaintiff's claim for liquidated damages, in whole or in part, is barred under Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260.

15.     Plaintiff's claims, in whole or in part, are barred by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. §259, as Defendant's conduct was at all times in good faith and in conformity with and in reliance on the administrative rulings, practices, and enforcement policies, or any other administrative authority, specified therein.

16.     Defendant reserves the right to amend this Answer to raise any and all defenses, affirmative, or otherwise, which may become available to it during litigation.  Without limiting the foregoing, Defendant reserves its right to assert numerous anticipated Plaintiff-specific defenses as appropriate.

17.     To the extent the Court finds that Defendant took any actions or omissions with respect to Plaintiff, such acts or omissions concerning or affecting Plaintiff and the putative classes Plaintiff purports to represent were undertaken in good faith to comply with the FLSA, and with reasonable grounds that the actions did not violate the FLSA, and were justified, proper, and lawful, and were taken without any intent to violate the FLSA.

18.     To the extent Plaintiff seeks to enforce putative class members' rights under collective bargaining agreements to which he is not a party, Plaintiff lacks standing to pursue the purported claims in whole or in part. This defense may also

apply to the purported claims of some or all of the potential members of the putative classes that Plaintiff purports to represent, the existence of which Defendant denies.

19.    Plaintiff's purported claims and the claims he seeks to assert on behalf of others are barred in whole or in part by the doctrines of estoppel, laches, waiver, release, accord and satisfaction, and/or unclean hands.

20.    Plaintiff's purported claims are barred in whole or in part by Plaintiff's failure to mitigate his alleged damages, insofar as Plaintiff failed to utilize internal complaint procedures available to his regarding the matters alleged in the Complaint. This defense may also apply to the purported claims of some or all of the alleged putative class or collective members, the existence of which Defendant denies.

21.    To the extent that discovery reveals that Plaintiff falsely reported his hours and there is no evidence that Defendant required the false reporting of hours; and no evidence that Defendant knew or should have known that Plaintiff was providing false information as to his hours, or to the extent discovery reveals that Plaintiff otherwise failed to follow Defendant's policies for reporting his hours, the doctrine of estoppel bars the claims asserted by Plaintiff. This defense may also apply to the purported claims of some or all of the potential members of the putative class or collective action the Plaintiff purports to represent, the existence of which Defendant denies.

22.    Plaintiff's purported claims and the claims he seeks to assert of behalf of others are barred in whole or in part by Section 10 of the Portal-to-Portal Act, 29 U.S.C. §259, because any acts or omissions giving rise to this action were done in good faith and in reliance on written and administrative regulations, orders, rulings, interpretations and approvals of the Department of Labor.

23.    Plaintiff's purported claims and the claims he seeks to assert on behalf of others are barred in whole or in part by Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or any other state or federal law.

24.    To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. §255(a), such claims are barred.

25.    Plaintiff does not, and cannot, fairly and adequately represent the interests of the purported class or collective action.

26.    Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's procedural rights and right to trial by jury, and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

27.     Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

28.     Plaintiff's claims are barred to the extent Plaintiff and/or alleged similarly situated employees (the existence of which Defendant denies) did not work more than forty (40) hours in any given work week and, therefore, are not entitled to overtime under §207 of the FLSA.

29.     Plaintiff and all alleged putative class/collective members (the existence of which Defendant denies) have been paid and/or received all wages and/or compensation due to them by virtue of their employment with Defendant.

Respectfully submitted,

*s/ Margaret Carroll Alli*
Margaret Carroll Alli (P38281)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
T: (248) 593-6400
F: (248) 283-2925
Dated: May 15, 2025                     Meg.alli@ogletree.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

> *s/ Margaret Carroll Alli*
> Margaret Carroll Alli (P38281)
> OGLETREE, DEAKINS, NASH, SMOAK
> & STEWART, PLLC
> *Attorneys for Defendant*
> 34977 Woodward Avenue, Suite 300
> Birmingham, MI 48009
> T: (248) 593-6400
> F: (248) 283-2925
> Meg.alli@ogletree.com

88254107.v1-OGLETREE